# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VICTORIA TOUSSAINT-HILL, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MONTEREAU IN WARREN WOODS, KELLY ) <br> VANDEVER, LARRY LEBOLD, and ) <br> MARLENE CATO, ) <br> ) <br> Defendants. ) <br> ) <br> ) | Case No. 07-CV-179 GKF/SAJ |

**OPINION AND ORDER**

Comes on for hearing Defendant Montereau, Inc.'s Motion to Compel [Dkt. #12] in which Defendant seeks responses to discovery, sanctions pursuant to Fed.R.Civ.P 37, and attorney fees and costs expended in connection with the filing of the motion on June 27, 2007. Response was due pursuant to LCvR7.2 (e) of the Local Rules of the Northern District of Oklahoma on July 16, 2007. No response was filed nor extension of time requested and the Court has discretion to deem the motion confessed. Plaintiff appears in this action *pro se.* The Court therefore set the motion for hearing, at which time Plaintiff announced she was prepared to orally respond to the motion. Plaintiff gave no explanation as to why she had not filed written response brief or sought extension of time to respond.

Plaintiff asserted she has responded by letter to Defendant and provided all the documents in her possession in response to the motion with two exceptions. Those consist of two or three letters Plaintiff recently received in response to employment applications.

1

Plaintiff agreed to provide those.

Plaintiff asserted she would not produce any medical information based upon the patient/physician privilege, citing to *Miniodis v. Cook*, 494 A. 3d. 212 (Md. 1985). Plaintiff spelled the name of the case to assist the Court, however, did so incorrectly. The actual citation, eventually located by the Court, is *Moniodis v. Cook,* 494 A.2d 212 (Md. App., 1985)[1]. Further, the case does not support Plaintiff's position.

*Moniodis* addressed the sufficiency of the evidence presented by plaintiffs at trial on their claims of intentional infliction of emotional distress, not whether defendants were entitled to pursue discovery about or from plaintiffs' medical providers in regard to that claim. In *Moniodis*, evidence was presented as to pre-existing susceptibility to emotional distress of one plaintiff, deterioration of her emotional state following her termination, and her increased use of medication. While the court does not discuss discovery, it is unlikely evidence was allowed to be introduced on these issues without defendants being given the opportunity to test its veracity.

Likewise, in *Kraszewski v. Baptist Medical Center of Oklahoma*, 916 P. 2d 241 (Okl. 1996), cited by Defendant, discovery of medical records was not an issue. In reversing an order granting partial summary judgment, the Oklahoma Supreme Court remanded for trial, thereby establishing the right of a familial relation to recover for intentional infliction of emotional distress. Plaintiff/ husband had watched his wife being dragged to death by a drunk driver after he had also been injured in the incident. The court cited to plaintiff's affidavit regarding physical and emotional problems and psychiatric treatments

---

[1] *Moniodis* was superceded by statute on other grounds.

necessitated by the incident and to psychiatrists' notes which were appended to the motion for summary judgment.  These inferentially required  the evidence to have been provided to the defendants through pretrial discovery.

When the physical and/or emotional condition of a plaintiff is placed at issue by the plaintiff, plaintiff has effectively waived the patient/physician privilege as to the condition asserted and defendant is entitled to discovery. The Court may fashion appropriate parameters in order to protect the interests of all parties and particularly the patient/physician privilege as to issues not related to the claims asserted.  Fed.R.Civ.P 26.

The Court entered a protective order in this case on August 3, 2007.  While this should adequately protect Plaintiff's records, counsel for Defendant agreed at hearing that the records could be produced for attorney review only until further order of the Court.  The Court finds this to be an appropriate modification and further modifies the request to cover only the last six (6) years.

The Court notes Plaintiff's claim for intentional infliction of emotional distress was first raised in joint status report filed with the Court and is not part of the initial Complaint. Should Plaintiff elect not to proceed with that cause of action, no documents regarding her medical and/or mental history need to be produced. Should Plaintiff intend to proceed on that cause of action, in addition to producing the documents referenced herein, Plaintiff should seek leave to formally amend her Complaint to include intentional infliction of emotional distress. Plaintiff asserted she had the right to raise the issue at pretrial.

Plaintiff has every right to proceed with her action *pro se.* However, the right to so proceed carries with it the attendant responsibility of complying with the Federal Rules of Civil Procedure and the Local Rules of the Northern District of Oklahoma.  *Pro se* parties

are expected to comply with all court rules as if they were attorneys in fact.

Specifically, Plaintiff is directed to LCvR7.2(e) as set forth in this Order. Failure to timely respond to motions can result in significant penalties to Plaintiff. Failure to file a written response creates additional work for the Court which deprives other litigants of the Court's time and attention and sanctions "trial by ambush" which the rules were intended to eliminate. It disrupts the orderly progress of litigation by impermissibly delaying rulings and deprives opposing counsel of the right to reply. It does not create a strategic advantage for Plaintiff. There are specific rules addressing extensions of time within to file written response should Plaintiff feel additional time is necessary.

Plaintiff is further specifically directed to LCvR83.7(b). Implicit in LCvR83.7(b)(5) is the requirement to stand when addressing the Court or when making objections. As only one attorney (or *pro se* party) is to be standing at a time, only one attorney (or *pro se* party) should be talking at a time. Plaintiff should refrain from interrupting the arguments of opposing counsel except to make necessary objections. The Court will insure adequate response time is available for any rebuttal argument. *Pro se* parties are expected to comply with rules of professional conduct.

Fed.R.Civ. P. 33 requires discovery responses to be served on opposing counsel in writing, under oath. A letter response is not sufficient. Fed.R.Civ. P. 26 (g)(2) addresses responses to discovery generally and the required written certification. Plaintiff should familiarized herself with these rules.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendant Montereau, Inc.'s Motion to Compel [Dkt. #12] is granted as to Requests for Production 18 and 23. Plaintiff is also to respond to Interrogatory No. 4 and identify by name, address and

4

telephone number all physicians, counselors, psychiatrists, psychologists, therapists, ministers, clergy, midwives, nurses or any other health care providers with whom Plaintiff has consulted, questioned, visited or sought medical or psychological treatment in the last six (6) years to the extent that information is available to Plaintiff.  Plaintiff is to supplement production within four (4) days. Plaintiff is also to produce a notarized waiver of confidentiality within four (4) days.  Motion is denied as moot as to the remaining requests for production pursuant to Plaintiff's representations that she has no documents which are responsive to the requests.  Defendant's motions for sanctions, attorney fees and costs are moot as they were withdrawn by Defendant at hearing.

IT IS SO ORDERED THIS 10th DAY OF AUGUST, 2007.

*Sam A. Joyner*
Sam A. Joyner
United States Magistrate Judge